Callahan, J.
(dissenting). I feel constrained to concur in the view of the majority that the Commercial Rent Law (McKinney’s Unconsolidated Laws of N. Y., § 8521 et seq.) makes no provision for an agreement between a landlord and a new tenant fixing a rental in excess of the emergency rent for commercial space, though such agreement is permissible if made by a tenant in occupancy at the expiration of his term. In this case the parties apparently attempted to evade the restrictions of the statute by agreeing that the space demised under the new lease was unoccupied for commercial purposes on the maximum rent date. This space comprised a substantial part of the former loft altered by partitions and provided with new flooring. If the space held by the tenant under the prior lease had lost its identity by reason of material alterations or adaption to new uses, it might be that an agreement of the kind involved in this case would be permissible, if made in good faith and not for the' purpose of evading the statute. On the facts disclosed, however, I think that the trial court was justified in holding that the space in question had been occupied for commercial purposes on March 1, 1943, within the meaning of the statute'.
"While it is my opinion that the plaintiff is entitled to prevail in this case, the question remains as to the proper measure of recovery. Mo application to the court for an increased rent based on a reasonable return from the whole property is involved in the action. In fact, the landlord expressly disavowed any intention to make such application. Under the circumstances I fail to see how the provisions of section 4 of the statute (L. 1945, ch. 3, as amd. by L. 1945, ch. 315, as amd. by L. 1946, ch. 272; McKinney’s Unconsolidated Laws of M. Y., § 8524) can lié applied in determining the fair rental value of the premises. It seems to me that the trial court was correct in holding that the fair rental Value was prima facie the emergency rent based on the former lease plus 15% and that it had the right to make such adjustments with respect thereto as were warranted by the circumstances. On the. basis of the whole record I think that the items considered by the trial court in *425 connection with the expense incurred by the landlord to put the plaintiff in possession were proper and rightly allowed as an offset.
I vote to affirm the judgment and the order.
Martin, P. J., Glennon, Dore and Van Voorhis, JJ., concur in Per Curiam opinion; Callahan, J., dissents in opinion as to judgment, and order entered January 3,1947, so far as appealed from.
Judgment, and order entered January 3, 1947, so far as appealed from, reversed and a new trial ordered, with costs to the plaintiff to abide the event.
Order entered October 31, 1946, unanimously affirmed.